[Crim. No. 6061.   Second Dist., Div. One.   Feb. 28, 1958.]

THE PEOPLE, Respondent, v. ABEL GONZALVES, Appellant.

Robert M. Maslow, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

DORAN, J.—The appellant and Mary Gonzalves, husband and wife, were charged with the unlawful sale of heroin, and convicted after a trial before a judge, a jury trial having been waived. A petition for writ of error coram nobis was denied. Appellant's notice of appeal was ruled invalid but the Supreme Court granted leave to petition for relief from default in the preparation of a record (*In re Gonsalves*, 48 Cal. 2d 638 [311 P.2d 483]), and the present appeal followed.

It appears from the record that at approximately 10 a. m. on September 17, 1955, Officer Anthony Coia, an investigator for the district attorney's office, drove with appellant, appellant's wife, and an unidentified informer, to a location in Los Angeles. Appellant left the car, returning about ten minutes later to a point some 50 feet away, from where appellant called and motioned to his wife to join him. Appellant spoke to the wife and handed her a small white package. Appellant's wife then walked back to the automobile, entered the rear seat and handed three "caps" of heroin to Officer Coia, left the vehicle, and the officer drove away.

There was testimony that on September 27, 1955, Lieutenant Nick Cimino talked to appellant in the Hall of Justice; that appellant admitted accompanying Officer Coia and the others with knowledge that they were driving to pick up some heroin; that appellant did not wish to sell narcotics directly to Coia, and so gave the "caps" to Mrs. Gonzalves who went to the car with the caps. Appellant, at the trial, denied knowing anything about the narcotics, and claimed to be going to see a friend whose name could not be remembered. Appellant also denied telling Cimino that appellant had participated in any sale of narcotics.

It is appellant's contention that the trial court committed reversible error in refusing to permit appellant to ascertain

the name and identity of the informant who accompanied Officer Coia in the automobile. In support of this contention appellant argues that "Where an informer is an active participant in a narcotics sale case, it is reversible error to sustain objections to questions asking the arresting officer to name him." In this connection appellant relies on such cases as *People* v. *Castiel,* 153 Cal.App.2d 653 [315 P.2d 79] (Sept. 10, 1957), and *People* v. *Lawrence,* 149 Cal.App.2d 435 [308 P.2d 821].

As pointed out in the respondent's brief, the facts in the cited cases are distinguishable from those existing in the present case, since the evidence in the cited cases shows that the informer actively participated in the commission of the crime. This element of active participation was not present in the instant case where the informer was merely present in the automobile and in no manner participated in the sale. In the Castiel case cited above, the undisclosed informer was a principal actor; in the Lawrence case, only the informer was present at the time of the sale and was obviously a participant.

The distinction between the two situations is thus expressed in *People* v. *Lawrence,* 149 Cal.App.2d 435, 450 [308 P.2d 821] : "The name of an informant who cooperates with law enforcement officials has been held to be confidential upon the theory that the informant performs a public service. . . . This is particularly true in narcotics cases. . . . When such a person is truly an informant he simply points the finger of suspicion towards a person who has violated the law. . . . On the other hand, when an informant participates in the criminal act he is no longer simply an informer." So the rule is stated that "When an informant becomes a participant in the crime charged against the defendant, he and the people lose the right to keep his identity anonymous." In the present case the informant was entirely passive.

Appellant's further contention that the evidence was insufficient to sustain the conviction, is untenable. Conceding that Mary Gonzalves was involved in an unlawful sale of narcotics, appellant husband claims that there is no evidence of a corpus delicti, linking appellant with the crime.

The record discloses evidence that Officer Coia had paid money to Mary Gonzalves who handed the money to appellant; that the officer had seen appellant hand to Mary "a small white package," and that appellant gave the "caps" to his wife, feeling that he should not sell directly to the officer. Appellant's denial of any knowledge of the matter and the

story that appellant was merely riding with Officer Coia to the home of a friend whose name he could not remember, was not believed by the trial judge.

The law is well settled that the weight of the evidence and credibility of witnesses are matters for the trier of fact to determine. As said in *People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778], to warrant a reversal on the ground of insufficient evidence, "it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below."

The judgment is affirmed.

White, P. J., concurred.

Fourt, J., concurred in the judgment.

A petition for a rehearing was denied March 10, 1958.